1   John M. Riestenberg
    Law Offices of John M. Riestenberg
2   455 Capitol Mall, Suite 410
    Sacramento, CA 95814
3   Telephone (916) 443-6300
    Attorneys for Plaintiffs, JASVEER SINGH, JESUS MIER AND TOMMIE
4   PRUITT

5   James J. McDonald, Jr., Bar No. 150605
    Tamara Devitt Naughton, Bar No. 209683
6   FISHER & PHILLIPS LLP
    18400 Von Karman Avenue, Suite 400
7   Irvine, California 92612
    Telephone (949) 851-2424
8   Attorneys for Defendant, YELLOW TRANSPORTATION, INC.

9   Mr. Joseph Scalia
    Law Offices of Joseph Scalia
10  11335 Gold Express, Suite 105
    Gold River, CA 95670
11  Telephone (916) 858-2286
    Attorneys for Defendant, ROGER PRICE AND DANIEL DRAKE
12
    Whitney F. Washburn, Attorney
13  Law Offices of Whitney F. Washburn
    11341 Gold Express Drive, Suite 110
14  Gold River, CA  95670
    Telephone (916) 638-8800
15  Attorneys for Defendant, ROGER PRICE AND DANIEL DRAKE

16
                     UNITED STATES DISTRICT COURT
17
           EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION
18
    JASVEER SINGH; JESUS MIER; and  ) Case No.: 2:05-CV-00521-MCE-DAD
19  TOMMIE PRUITT,                  )
                                    )
20                 Plaintiffs,      )
                                    ) STIPULATED PROTECTIVE ORDER AND
21      vs.                         ) CONFIDENTIALITY AGREEMENT
                                    )
22  YELLOW TRANSPORTATION, INC. DBA )
    YELLOW FREIGHT; INTERNATIONAL   )
23  BROTHERHOOD OF TEAMSTERS, LOCAL )
    UNION #439, DANIEL DRAKE, ROGER )
24  PRICE, FRANK VELLA and DOES 1   )
    through 20.,                    )
25                                  )
                   Defendants.      )
26  _____)

27

28

    _____
                    STIPULATED PROTECTIVE ORDER

Pursuant to F.R.C.P. 26(c), Plaintiffs, Jasveer Singh, Jesus Mier and Tommie Pruitt, ("Plaintiffs"), through their attorney, and defendants Yellow Transportation, Inc. ("Yellow"), and individuals Roger Price and Daniel Drake (collectively "Defendants") through their counsel, hereby stipulate to the following Protective Order to govern the disclosure of confidential discovery materials and testimony in the above-captioned action:

1.    In connection with discovery in this action, the parties may designate any materials including electronic files, documents, things, testimony, or other information derived from such materials, as "Confidential" under the terms of this Stipulated Protective Order (the "Order").    Confidential information is information that has not been made public and may include, but is not limited to, the following:    (a) information and documents to be produced in this action that contain, disclose, or reflect confidential personnel information of current or former employees of Yellow; (b) the method of manufacture or provision of any past, present, or future product or service of a party; (c) the construction, development, function, or operation of any past, present, or future product or service of a party; (d) pricing, income, profits, losses, expenses, costs, overhead, royalty rates, or sales quantities relating to any past, present, or future product or service of a party; (e) business, financial, or marketing plans, projections, or data of a party; (f) the identity of customers or suppliers of a party; (g) research and development materials of a party, including both product and

market research; (h) trade secrets; (i) all or any portion of a party's response to any interrogatory or request for admission propounded by any party that contains, discloses, or reflects confidential business, commercial, financial, or other similarly sensitive information of a non-public nature; (j) documents disclosed by any party that contains, discloses, or reflects confidential business, commercial, financial, or other similarly sensitive information of a non-public nature; (k) all or any portion of deposition testimony in this action that discloses or reflects confidential business, commercial, financial, or other sensitive information of a non-public nature; (l) all or any portion of any exhibits to depositions that contain or reflect confidential business, commercial, financial, or other similarly sensitive information of a non-public nature; (m) all summaries, extracts and abstracts of any information that discloses or reflects confidential business, commercial, financial, or other sensitive information of a non-public nature; and (n) any such information of a third party, the disclosure of which information may have the effect of causing harm to the third party.

2.   Materials designated as "Confidential" under the Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "Confidential" (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

///

STIPULATED PROTECTIVE ORDER

3.   Documents containing Confidential Material shall be so designated by stamping copies of the document produced to any other party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as containing Confidential Material and as subject to the terms of this Order, unless otherwise indicated by the producing party.

4.   Testimony taken at a deposition, conference, hearing, or trial may be designated as Confidential Material by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to bind separately such portions of the transcript containing information designated as Confidential Material and to label such portions appropriately.

5.   Confidential Material may only be disclosed to: (a) parties to this litigation and their spouses, the undersigned counsel for the parties hereto, their respective associates, clerks, legal assistants, stenographic personnel, and firms retained by counsel to provide litigation services and the employees of said firms; (b) the Court and it's support staff; (c) other employees of a party for the purpose of working directly on this litigation at the request or at the direction of counsel; or (d) court reporters actually involved in transcribing depositions and proceedings in this litigation; or (e) witnesses and/or deponents; however, witnesses and deponents shall agree to be bound by this Agreement and its terms. In the event that Confidential Material is disclosed to

4

them in the course of their testimony or deposition, said witnesses and deponents shall not be entitled to maintain possession of confidential documents, and shall return them to counsel at the conclusion of either their testimony at trial or at deposition.

6.   Nothing in this Order shall prohibit a party from seeking additional, modified or further protection of Confidential Material during or before the trial of this Action by stipulation among all the parties, approved by the Court; by application to the Court, or by the Court's Order.   Further, nothing in this Order shall prohibit a party from bringing before the Court the question of whether a particular document or information is confidential or whether its use should be restricted.

7.   Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of activities pertaining to this action, or from disclosing its own Confidential Material as he, she, or it deems appropriate.

8.   The provisions of this Stipulation and Order are intended solely to facilitate the preparation and trial of this Action, and shall not be construed in any way as an admission or agreement by any party that any document, or any information contained therein, does or does not constitute or contain private, trade-secret, or confidential information.

9.   Nothing herein contained shall be deemed to preclude any party to this Action from objecting to any discovery requested in this action on any proper ground or withholding

STIPULATED PROTECTIVE ORDER

production on any proper ground, or from applying to the Court for a modification of this Order, or for additional protection for specific materials or information sought during the course of discovery in this Action.

10.   In the event that a party seeks to file Confidential Material with the Court, notice shall be given at least ten (10) days prior to the filing of any Confidential Material and the parties shall meet and confer in order to determine whether a request to file Confidential Material under seal should be made to the District Judge.

11.   This Order shall survive the final termination of this action to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. However, any and all retained materials that have remained protected up to the final termination of the litigation shall be treated as protected in accordance with this Order.

///
///
///
///
///
///

STIPULATED PROTECTIVE ORDER

1    12. This Order shall be binding on the parties when

2  signed regardless of whether or when the Court endorses this

3  Order.

4  IT IS SO STIPULATED.

5  Dated: December 2, 2005        LAW OFFICE OF JOHN RIESTENBERG

6

7                                By: __/s/_____
                                 JOHN RIESTENBERG
8                                Attorney for Plaintiffs

9

10 DATED: December 6, 2005        FISHER & PHILLIPS LLP

11

12                               By: __/s/_____
                                 JAMES J. McDONALD, JR.
13                               TAMARA DEVITT NAUGHTON
                                 Attorney for Defendant
14                               YELLOW TRANSPORTATION, INC.

15 DATED: December 5, 2005        LAW OFFICES OF JOSEPH SCALIA

16

17                               By: __/s/_____
                                 JOSEPH SCALIA
18                               Attorney for Defendant
                                 ROGER PRICE AND DANIEL DRAKE
19

20 DATED: December 5, 2005        WHITNEY F. WASHBURN

21

22                               By: __/s/_____
                                 WHITNEY F. WASHBURN
23                               Attorney for Defendant
                                 ROGER PRICE AND DANIEL DRAKE
24

25

26

27

28

                                   7
                         STIPULATED PROTECTIVE ORDER

1    IT IS SO ORDERED.

2

3
     Dated:   December 13, 2005
4

5                                _____
                                 DALE A. DROZD
6                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11
     Ddad1/orders.civil/singh0521.stipord
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          8
                           STIPULATED PROTECTIVE ORDER

**PROOF OF SERVICE**
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 18400 Von Karman Avenue, Suite 400, Irvine, California 92612.

On December 6, 2005, I served the foregoing document entitled **[PROPOSED] STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| John M. Riestenberg<br>Law Offices of John M. Riestenberg<br>455 Capitol Mall, Suite 410<br>Sacramento, CA 95814<br>Tel: (916) 443-6300<br>Fax: (916) 329-3435 | Attorney for Plaintiffs, Jasveer Singh, Jesus Mier and Tommie Pruitt |
| Mr. Joseph Scalia<br>Law Offices of Joseph Scalia<br>11335 Gold Express, Suite 105<br>Gold River, CA 95670<br>Tel: (916) 858-2286<br>Fax: (916) 852-7777 | Attorney for Roger Price and Daniel Drake |
| Whitney F. Washburn, Attorney<br>Law Offices of Whitney F. Washburn<br>11341 Gold Express Dr., Suite 110<br>Gold River, CA 95670<br>Tel: (916) 638-8800<br>Fax: (916) 638-7068 | Attorney for Roger Price and Daniel Drake |

☒ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 6, 2005, at Irvine California.

Paula Sanchez                    By: _____
Print Name                                          Signature

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28