UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JASVEER SINGH; JESUS MIER; and
TOMMIE PRUITT,

         2:05-CV-0521-MCE-DAD

    Plaintiffs,

  v.                 MEMORANDUM AND ORDER

YELLOW TRANSPORTATION, INC.
DBA YELLOW FREIGHT;
INTERNATIONAL BROTHERHOOD of
TEAMSTERS, LOCAL UNION #439,
DANIEL DRAKE, ROGER PRICE,
FRANK VELLA and DOES 1 - 20,

    Defendants.

----oo0oo----

In bringing the present action, Plaintiffs Jasveer Singh ("Singh"), Jesus Mier ("Mier") and Tommie Pruitt ("Pruitt") (collectively "Plaintiffs") allege that Defendant Yellow Transportation, Inc. ("Yellow") subjected them to discrimination, harassment, and retaliation in violation of their rights under 42 U.S.C. § 1981 and the California Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12900-12996.

1

On May 5, 2005, Yellow moved for summary judgment.[1] The Court concluded in a Memorandum and Order dated October 11, 2006, ("MSJ Order") that summary judgment in favor of Yellow was appropriate. The Court entered judgment in favor of Yellow and the case was thereafter closed. On October 23, 2006, Plaintiffs filed separate but virtually identical Motions for Reconsideration of the Court's previous Order granting summary judgment.[2] Those Motions for Reconsideration shall be considered collectively below. For the reasons set forth herein, Plaintiffs' Motions are granted.

**BACKGROUND**

The Court has already set forth a detailed factual background for this action in its Order dated October 11, 2006, which is incorporated by reference and need not be reproduced herein. MSJ Order 2-5, October 11, 2006.

As noted in this Court's MSJ Order, Plaintiffs failed to comply with the Eastern District's Local Rules regarding the submission of statements filed by a party opponent.

---

[1] Because there are three Plaintiffs in this matter with very similar but independent claims, Yellow filed three separate Motions for Summary Judgment. Given the striking similarity of the facts giving rise to all three Plaintiffs' claims and the similarity of the legal arguments presented in support of their dismissal, the Court addressed all three Motions for Summary Judgment collectively in its MSJ Order. For ease and clarity, those three Motions for Summary Judgment shall be referenced herein as the "MSJ Motions."

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

Rather, Plaintiffs submitted a single 29 page Opposition to Yellow's MSJ Motions and merely incorporated by reference a 197 page Statement of Undisputed Facts. Plaintiffs' Opposition was clearly in violation of this Court's Pretrial Scheduling Order in that it exceeded the page limit set forth therein. In addition, Plaintiffs' Statement of Facts was not only unduly expansive in violation of Local Rule 56-260(b), it was also redundant in merely duplicating largely objectionable declarations and witness statements. Nonetheless, the Court considered Plaintiffs' papers and concluded in its October 11, 2006, Order that Summary Judgment in favor of Defendants was appropriate. These Motions for Reconsideration followed.

**STANDARD**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 (9th Cir. 1989). Nonetheless, under certain limited circumstances, the court has discretion to reconsider its prior decisions.

A motion for reconsideration is treated as a Rule 59(e) motion if filed within ten days of entry of judgment, but as a Rule 60(b) motion if filed more than ten days after judgment.

1 *See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248
2 F.3d 892, 898-99 (9th Cir. 2001). Since this motion is seeking
3 reconsideration of a final judgement and was filed more than ten
4 days after the entry of judgment, the Court will treat it as a
5 Rule 60(b) motion.
6     Rule 60(b) enumerates the grounds upon which a motion for
7 relief from an order or judgment may be made. It specifies that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.

14 Fed. R. Civ. Proc. 60(b). Mere dissatisfaction with the court's
15 order, or belief that the court is wrong in its decision, are not
16 grounds for relief under Rule 60(b).

## ANALYSIS

20     Motions for relief from judgment pursuant to Rule 60(b) are
21 addressed to the sound discretion of the district court. *Casey*
22 *v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004)
23 (internal citations omitted). Plaintiffs here allege the Court
24 should reverse its earlier ruling on the ground that it "ignores
25 the reasonable inference, from all the evidence that Yellow
26 should have known" of the racial discrimination and harassment.
27 *See generally* Plf.s' Mem. of Pts. and Auth. in Support of the
28 Motion for Reconsideration.

4

In addition, Plaintiffs argue that the MSJ Order should be reversed because the Court did not "look past Yellow's paper reiteration of policy" which would have permitted the Court to see that Yellow did not, in fact, take sufficient remedial measures to stem the discrimination and harassment. *Id.*

As an initial matter, Plaintiffs' Motion for Reconsideration does not challenge the Court's MSJ Order with respect to Section I (Racial Discrimination under 42 U.S.C. § 1981). In addition, with respect to Section III (Retaliation), Plaintiffs only curtly mention in footnote 3 of their brief that a "campaign of harassment by co-workers, if known and not corrected...[may support] a retaliation claim." Plaintiffs cite non-binding authority for this newly presented proposition as well as mis-cite the case itself. The Court shall not consider this improperly cited authority nor shall it construe this footnote as a challenge to the Court's summary adjudication of Plaintiffs' retaliation claim. Consequently, the present Motion for Reconsideration shall be deemed as challenging only the Court's ruling on Plaintiffs' Hostile Work Environment claim.

As noted above, Plaintiffs argue that the Court ignored the "reasonable inference" that Defendant Yellow should have known of the racial harassment well in advance of September 2003, the date the Court concluded Defendant, in fact, had knowledge. Further, Plaintiffs argue the remedial action taken by Defendant Yellow to eradicate the harassment was inadequate, a position in direct conflict with the Court's holding.

Before reaching the merits of the foregoing arguments, the Court notes that Plaintiffs submitted in excess of 1600 pages in

support of their opposition to Defendant's Motion for Summary Judgment.  Included were Exhibits Vol. I (1-10) to Plf.s' Opp. to Def.'s Motion for Summary Judgment/Summary Adjudication by Jasveer Singh, Jesus Mier, Tommy Pruitt, Docket No. 97 (125 pages) ("Exhibits"); Exhibits Vol. I (11-20), Docket No. 98 (31 pages); Exhibits Vol. I (21-30), Docket No. 99 (40 pages); Exhibits Vol. I (31-38), Docket No. 100 (19 pages); Exhibits Vol. II (39-48), Docket No. 101 (30 pages); Exhibits Vol. II (49-58), Docket No. 102 (29 pages); Exhibits Vol. II (59-68), Docket No. 103 (50 pages); Exhibits Vol. II (69-71), Docket No. 104 (94 pages); Exhibits Vol. III (72-76), Docket No. 105 (248 pages); Exhibits Vol. III (77), Docket No. 106 (97 pages); Exhibits Vol. III (78-84), Docket No. 107 (335 pages); Stmt. of Facts in Support of Plf.s' Opp. to Def.'s Motion for Summary Judgment/Summary Adjudication by Jasveer Singh, Jesus Mier, Tommy Pruitt, Docket No. 108 (197 pages); Mem. of Pts. and Auth. in Opp. to Def.'s Motion for Summary Judgment/Summary Adjudication by Jasveer Singh, Jesus Mier, Tommy Pruitt, Docket No. 111 (29 pages); Resp. to Def.'s Separate Stmt. of Undis. Facts in Support of Motion for Summary Judgment/Adjudication by Tommy Pruitt, Docket No. 114 (90 pages); Resp. to Def.'s Separate Stmt. of Undis. Facts in Support of Motion for Summary Judgment/Adjudication by Jasveer Singh, Docket No. 115 (78 pages); and Resp. to Def.'s Separate Stmt. of Undis. Facts in Support of Motion for Summary Judgment/Adjudication by Jasveer Singh, Docket No. 115 (114 pages).

In addition to the foregoing, Plaintiffs filed a declaration as well as evidentiary objections and a request for permission to

1 submit additional briefing.  *See* Docket No.s 144, 145, 146, 152.
2       Despite this mass of documentation, Plaintiffs' 29 page
3 Opposition brief is notable in that it includes but a single
4 citation to the record and that citation speaks only to alleged
5 retaliation suffered by Plaintiffs as a result of lodging
6 complaints.  *See* Mem. of Pts. and Auth. in Opp. to Def.'s Motion
7 for Summary Judgment/Summary Adjudication by Jasveer Singh, Jesus
8 Mier, Tommy Pruitt, Docket No. 111, Page 26.  Plaintiffs failed
9 entirely to cite the Court to any issues of material fact
10 regarding Defendant's notice of the harassment or inadequate
11 remedial measures being undertaken to halt the harassment.
12       When considering a motion for summary judgment, the Court
13 does not have an obligation to "scour the record in search of a
14 genuine issue of triable fact."  *Keenan v. Allan*, 91 F.3d 1275,
15 1279 (9th Cir. 1996).  As another court has famously stated,
16 "judges are not like pigs, hunting for truffles buried in the
17 briefs."  *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).
18       Despite these glaring issues with Plaintiffs' Opposition,
19 Plaintiffs' Motion for Reconsideration does what their Opposition
20 did not; namely point to the relevant issues of material fact.
21 Plaintiffs' Motion for Reconsideration directs the Court to
22 issues of fact contained in the record regarding Defendant's
23 knowledge of the alleged harassment as well as the adequacy of
24 Defendant's response to the alleged harassment.
25       Specifically, Plaintiff Mier contends Defendants had been on
26 notice of the harassment because "Drake called [Mier] a "wetback"
27 and a "fucking wetback" in a loud voice, in open spaces, *in front*
28 *of supervisors*."  Plf.s' Stmt. Undisp. Fact, ¶ 121 (emphasis

7

added). Further, Singh explained that the name-calling occurred often in front of an SOM "Hot Rod" or Rodney, and Manager Dave Lujan. *Id.* at ¶ 288. Singh contended "[i]t happened right under [Lujan's] nose, 10 feet, 12 feet, 20 feet [away]." *Id.*

Given the existence of these facts, it now appears there is an issue of material fact regarding Defendant's notice of the harassment. Accordingly, summary judgment on the issue of Defendants' notice should not have been accorded.

With respect to Plaintiffs' argument that Defendant did not take sufficient remedial measures to defeat summary judgment, again Plaintiffs' Motion for Reconsideration does what their Opposition did not. Specifically, Plaintiffs' Motion for Reconsideration cites facts in support of their position that Defendant's response was insufficient. Plaintiffs rebut the Court's conclusion that Defendant engaged in prompt measures calculated to stem the harassment by pointing to facts arguably indicating otherwise. For example, Plaintiffs contend that the Human Resources Manager responsible for the investigation, Don Pochowski, did not take notes when he interviewed dock workers apparently evidencing that his investigation was a mere pretense. *Id.* at ¶ 515.

Further, Plaintiffs contend Pochowski did not talk to any Union representatives about whether or not they had received complaints from dockworkers or about what the Union might be able to do in terms of obtaining complaints about incidents of alleged harassment. *Id.* at ¶ 524. These facts, now uncovered, are sufficient to warrant relief from the Court's Order granting summary judgment on the issue of remedial measures calculated to

1 terminate the harassment.

2

3                        **CONCLUSION**

4    For the reasons set forth fully above, Plaintiffs Motion for
5 Reconsideration is GRANTED.  The Court's MSJ Order granting
6 Summary Judgment on Plaintiffs' claim of Hostile Work Environment
7 is hereby vacated.  The Court's MSJ Order in all other respects
8 remains fully in force.

9    All parties are cautioned that pleadings which do not in the
10 future comply with the letter as well as the spirit of the
11 Court's rules will be summarily rejected and returned to the
12 parties. The court may impose additional sanctions on the
13 offending party(ies) as the Court deems appropriate.\

14  Dated: June 21, 2007

                                    _____
                                    MORRISON C. ENGLAND, JR.
                                    UNITED STATES DISTRICT JUDGE