IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JASVEER SINGH; JESUS MIER; TOMMIE PRUITT; and ELBERT JEFFERY,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>YELLOW TRANSPORTATION, <u>et</u> <u>al.</u>,<br><br>　　　　Defendants. | Case No. 2:05-cv-0521-RRB<br><br>**<u>ORDER REGARDING</u>**<br>**<u>RECONSIDERATION</u>** |
|---|---|

　　　　The Court has now had the opportunity to consider Defendants' Motion for Reconsideration at Docket 288, in which Plaintiffs ask the Court to overturn Judge England's October 12, 2006, and June 21, 2007, orders regarding summary judgment. As the Court indicated in its order of July 23, 2008, at Docket 335, the Court is not inclined to revisit Judge England's rulings, although the Court does agree with PlaintiffS that a "totality of circumstances" approach is appropriate to fully and finally resolve the hostile work environment claims. Therefore, although the Court hereby denies Plaintiffs' Motion to Reconsider, in part, the Court will, as previously indicated, permit Plaintiffs a somewhat broader

approach to their hostile work environment claims.  Plaintiffs may argue that they were subjected to a hostile work environment because of their race, and may attempt to bolster this claim with reference to specific incidents of retaliation when they complained of racial discrimination.

The Court has also considered the State law claims asserted by Plaintiffs under the California Fair Employment and Housing Act and finds the elements to be so similar to those asserted under 42 U.S.C. § 1981 that it would be prudent and expeditious to address them all in this litigation.  The Court, however, is not inclined to separate out the claims but can list the elements of Plaintiffs' claims sufficiently broad to include both the State and Federal cause of actions.  The jury need not know the statute or law from which the cause of action springs, but will have a clear set of instructions with regard to the elements it must address in rendering its decision.

The parties should not overly complicate the case. Basically, Plaintiffs assert that they were subjected to a hostile work place, to their detriment, because of their race; that Defendant knew about this treatment; and that Defendant did not adequately work to resolve it.  Defendant denies the allegations, asserting that Plaintiffs were treated the same as everyone else; that they were treated in the same fashion they treated others; and

that Defendant did strive to resolve any problems brought to its attention.

The Court will query Plaintiffs' counsel at the pretrial conference as to what damages he is seeking with regard to each of the Plaintiffs.

ENTERED this 6th day of August, 2008.

                        S/RALPH R. BEISTLINE
                        UNITED STATES DISTRICT JUDGE