IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASVEER SINGH; JESUS MIER; TOMMIE PRUITT; and ELBERT JEFFERY,<br><br>          Plaintiffs,<br><br>vs.<br><br>YELLOW TRANSPORTATION, et al.,<br><br>          Defendants. | Case No. 2:05-cv-0521-RRB<br><br><br>**ORDER REGARDING PENDING MOTIONS AND ATTORNEY FEES** |

Before the Court are a number of post-trial motions which the Court hereby addresses and resolves.  At the outset, the Court wishes to make it clear that all parties received a fair trial in this matter in which the jury, after three weeks of testimony, conscientiously resolved the disputed facts and returned a verdict that was consistent with the evidence and the law.  The verdicts entered in this matter made sense.  The jury concluded that, as to Plaintiffs Singh and Jeffery, there was not a racially hostile work place, but that as to Plaintiffs Mier and Pruitt, there was.  The

difference likely lies in the way Mier and Pruitt were treated after complaining to management.  Mier was accused of being a child molester and Pruitt was accused of threatening to kill Mark Greer, both accusations that the jury likely did not believe.  Jeffery, however, made little, if any, complaints and Singh's complaint was greeted with a thorough investigation by Yellow. Therefore, the Motion for Judgment as a Matter of Law or, In the Alternative, Motion for New Trial, filed by Plaintiffs Singh and Jeffery at **Docket 392**, is hereby **DENIED.**

Further, as the Court indicated orally during trial, the evidence presented did not justify a punitive damage verdict against Yellow.  Yellow, in fact, was the only entity that indicated any desire to improve working conditions on the dock.  It received virtually no assistance in this regard from the union, from union representatives, or from other dock workers.  The jury obviously thought that Yellow could have done more with regard to two of the Plaintiffs who were subjected to retaliation as a result of complaints made, but the Court does not find that Yellow's conduct was such that punitive damages would apply. Therefore, the Motion for New Trial on the Issue of Punitive Damages, filed by Plaintiffs Mier and Pruitt at **Docket 396**, is hereby **DENIED.**

The jury found in favor of Plaintiffs Pruitt and Mier and generously awarded each $100,000.  These two parties are therefore prevailing parties insofar as Yellow is concerned.  The jury found in favor of Yellow with regard to Plaintiffs Singh and Jeffery.  Yellow is therefore the prevailing party with regard to these two Plaintiffs.  This split verdict has led to a new dispute between the parties as to the proper amount of attorney fees that should be awarded.  This is a matter largely left to the discretion of the Court.  In determining attorney fees, the Court does not need to know the fees actually charged by defense counsel or the details of pre-trial settlement negotiations.  While this may have some limited relevance to a fee determination, the Court simply does not require the information and is not inclined to require disclosure of what arguably might include attorney-client information or work product. Therefore, Plaintiffs' Motion for Limited Discovery Regarding Attorneys' Fees and Expenses at **Docket 420** is hereby **DENIED.** Yellow's Motion for Protective Order Regarding Plaintiffs' Post-Trial Discovery at Docket 426 is hereby **GRANTED.**

The Court now turns to the Motion for Attorney's Fees filed by Plaintiffs Mier and Pruitt at Docket 414.  Plaintiff asks to be awarded fees for all of the time incurred in prosecuting the case, including the time incurred on behalf of Singh and Jeffery

ORDER REGARDING PENDING MOTIONS
    AND ATTORNEY FEES - 3
2:05-CV-521-RRB

who did not prevail.   Defendant disagrees and believes that fees should be isolated to the prevailing parties.   While it is true that some of the issues litigated were intertwined, it is also clear that many were separate and distinct. Considerable time was dedicated to Singh's claim and his damages.   Jeffery's employment was separated time-wise from the other Plaintiffs and required distinctively different efforts on counsel's part.

The Court has reviewed the pleadings of the parties with regard to the attorney fee issue and has also considered the various lodestar factors and the factors set forth in Local Rule 54-293 for the Eastern District of California.   There is no question that this was a hotly contested litigation with some complexity, and that considerable time and effort was put forth by both sides in preparing for and litigating the case.   The Court, however, was concerned from time to time during the pre-trial phase, as well as the trial phase, with some of the unnecessarily long and repetitive pleadings submitted by Plaintiffs that contained unneeded and sometime inappropriate and disparaging comments concerning opposing counsel and the prior judge.   This type of thing was needlessly distracting and increased the labor and time required to prepare the case.   Nevertheless, Plaintiffs' counsel demonstrated great knowledge in the subject field and

dogged determination in litigating a difficult matter against highly skilled opponents.

The Court has reviewed all of the arguments put forth by Plaintiffs' counsel and has studied the various affidavits and time sheets. The Court accepts the credentials of Ms. Williams and recognizes the importance of her assistance to counsel. The Court is also not greatly troubled by the hourly rate asserted by counsel or the time spent on this case. Assessment of an appropriate fee, however, is made difficult by Plaintiffs' block billing, by the fact that many of the claims for which Plaintiffs seek compensation were not successful, by the fact that two of the four parties for whom counsel requests fees did not prevail at trial, and by the fact that, for a portion of the time involved in this litigation, Plaintiffs were pursuing other defendants. Moreover, a majority of the claims initially asserted by Plaintiffs proved to be unsuccessful. It would have been much easier for the Court had Plaintiffs separated the work performed on behalf of each Plaintiff, to the extent possible, and then more specifically set forth the work performed on the various claims. While this may not be practical in the real world, it would have made the Court's task less difficult.

Despite the above, the Court recognizes significant value in the efforts of Plaintiffs' counsel. Therefore, after considering all of the relevant factors, including the importance of promoting the civil rights of workers, the Court hereby reduces Plaintiffs' fee request by 60% but awards Plaintiffs Pruitt and Meyers **$520,000.00** in attorney fees, plus **$4,069.39** in mediator costs, for a total of **$524,068.23.** This is more than two-and-one-half times the verdict rendered, but reflects all of the factors that the Court must consider.

The parties also dispute the costs that should be assessed as a result of the split verdict. The Court accepts the bill of costs asserted by Yellow against Jeffery in the amount of **$7,912.17**, and the amount of costs asserted by Yellow against Singh in the amount of **$6,660.74.**

Plaintiffs cannot obtain costs incurred on behalf of the non-prevailing parties, Singh and Jeffery. Moreover, Plaintiffs are limited in the costs they can collect by 28 U.S.C. § 1920 and Local rule 54-292. The Court agrees, generally, with Yellow's position with regard to the cost issue and would assess costs in the amount of **$14,385.68.** However, in addition, the Court feels Plaintiffs should recover **$781.00** for subpoenas issued for trial

and miscellaneous copying of **$3,848.21**, for a total cost assessment

of **$19,014.89.**

        **IT IS SO ORDERED.**

        ENTERED this 13th day of January, 2009.

                S/RALPH R. BEISTLINE
                UNITED STATES DISTRICT JUDGE